**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLOTTE S. YEE, | No. 10-16376 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-04259-MMC |
| v. | |
| HILDA L. SOLIS, Secretary of the Department of Labor, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Charlotte S. Yee appeals pro se from the district court's summary judgment

in her employment action alleging discrimination, harassment, and retaliation in

violation of Title VII, as well as claims under the Privacy Act and the Civil Service

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reform Act ("CSRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Yee's race and sex discrimination claims because Yee failed to raise a genuine dispute of material fact as to whether she was subjected to an adverse employment action, whether similarly situated individuals outside of her protected class were treated more favorably, and whether the legitimate, nondiscriminatory reasons for defendant's actions were pretextual. *See id.* at 640-41 & n.5 (requirements for discrimination claim); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1125-26 (9th Cir. 2000) (discussing "adverse employment action").

The district court properly granted summary judgment on Yee's retaliation claim because Yee failed to raise a triable dispute as to whether she was subjected to an adverse employment action, and whether the legitimate, nondiscriminatory reasons for defendant's actions were pretextual. *See Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1188-89 (9th Cir. 2005) (no adverse action where plaintiff did not dispute basis for adverse performance memoranda); *Vasquez*, 349 F.3d at 642 (circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Yee's harassment

claim because Yee failed to raise a triable dispute as to whether the alleged harassing conduct was because of her race or sex and was sufficiently severe or pervasive to alter the conditions of her employment. *See Vasquez*, 349 F.3d at 642 (describing requirements for a racial or sexual harassment claim).

The district court properly granted summary judgment on Yee's Privacy Act claim as moot. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 414 & n.4 (9th Cir. 2009) (Privacy Act claim moot where the requested file was already obtained).

The district court properly upheld the Merit Systems Protection Board's ("MSPB") decision to dismiss Yee's constructive discharge claim because the MSPB applied the correct legal standards, and the MSPB's findings are supported by substantial evidence. *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1994) (deferential review of MSPB decision); *Heining v. Gen. Servs. Admin.*, 61 M.S.P.R. 539, 551 (1994) (standard for constructive discharge under the CSRA).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Yee's remaining contentions, including those concerning leave to amend the complaint to add a whistleblower claim, are unpersuasive.

**AFFIRMED.**

3                                                                                     10-16376