**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR WILLIAMS, Jr.,

Plaintiff - Appellant,

v.

STEVEN TURNER; et al.,

Defendants - Appellees.

No. 13-15426

D.C. No. 2:09-cv-01979-KJD

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 7, 2014**

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Nevada state prisoner Oscar Williams, Jr., appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment

violations, among other claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

claim. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

Dismissal of Williams's claim against defendant Turner was proper because Williams failed to allege facts in his second amended complaint showing that Turner had a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (for a deliberate indifference claim, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (citations and internal quotation marks omitted)); *Hebbe*, 627 F.3d at 341-42 (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

However, liberally construed, Williams stated a cognizable Eighth Amendment claim against defendant Hanke, a corrections officer, by alleging that

on a particular date, Hanke struck Williams's hand with a hard brush, without cause, causing permanent damage to his finger. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (standard for evaluating a claim of excessive force). Williams also stated a cognizable Eighth Amendment claim against Donat, warden of the prison, by alleging that Donat knew of Hanke's history of violence and propensity to physically abuse inmates but failed to take reasonable steps to protect them from him. *See Farmer*, 511 U.S. at 837 (standard for evaluating deliberate indifference claim); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for supervisory deliberate indifference). Accordingly, we reverse and remand for further proceedings as to Williams's Eighth Amendment claims against Hanke and Donat.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**

13-15426

Williams v. Turner, No. 13-15426

IKUTA, Circuit Judge, dissenting:

I dissent as to defendant Donat because, under the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Williams's complaint fails to state a claim against Donat. *See id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

13-15426