**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO JOSE DEL MURO-GUERRERO, | No. 13-55134 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02571-JM-WMC |
| v. | |
| FERNANDO ARRIOLA, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Alberto Jose del Muro-Guerrero appeals pro se from the district court's

judgment in his action under *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

serious medical needs while in federal custody. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013) (per curiam) (cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment for defendants because del Muro-Guerrero failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference by denying surgery for a nasal obstruction. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, and is met only if the defendant knows of and disregards an excessive risk to the inmate's health; a mere difference in opinion concerning the course of treatment is insufficient); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases[.]" (internal citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**