**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PAUL SUTTON, | No. 13-17093 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00333-GEB-EFB |
| v. | |
| WILLIAMSBURG WINERY, LTD., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted September 21, 2015[**]

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

John Paul Sutton, an attorney representing himself, appeals from the district

court's summary judgment in his trademark action alleging infringement and false

designation of origin in connection with the sale of wine. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Abdul-Jabbar v. Gen. Motors Corp.*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

85 F.3d 407, 410 (9th Cir. 1996), and we affirm.

The district court properly granted summary judgment because Sutton failed to raise a genuine dispute of material fact as to whether he used the Adagio mark within the previous three years or whether he intended to resume use of the mark. *See id.* at 411 (setting forth elements of abandonment under 15 U.S.C. § 1127 and noting that "[o]nce created, a prima facie case of abandonment may be rebutted by showing valid reasons for nonuse or lack of intent to abandon the mark"); *see also Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc.*, 458 F.3d 931, 936-37 (9th Cir. 2006) (explaining that "use" means "placement on goods sold or transported in commerce" and that a registrant cannot "overcome a presumption of abandonment arising from subsequent non-use by simply averring a subjective affirmative intent not to abandon" (citation and internal quotation marks omitted)).

Sutton's challenges to the denial of his motion for a preliminary injunction are moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Sutton's request for remand to the district court, filed on March 3, 2015, is denied.

**AFFIRMED.**