**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT WOOTEN, | No. 12-16971 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01791-MCE-DAD |
| v. | |
| COUNTRYWIDE HOME LOANS INC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Robert Wooten appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims relating to his mortgage. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Wooten's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Wooten failed to allege with sufficient particularity a pattern of racketeering activity. *See* Fed. R. Civ. P. 9(b) (allegations of fraud must be "state[d] with particularity"); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b)'s requirements apply to allegations regarding fraudulent predicate acts in RICO claims). Moreover, the district court correctly found that Wooten's RICO claim was untimely. *See Pincay v. Andrews*, 238 F.3d 1106, 1108-09 (9th Cir. 2001) (RICO claims have a four-year statute of limitations, which begins to run when a plaintiff knows or should have known of the injury underlying his action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.