**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANIBAL SILVA; RAMON SILVA-REYES,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>CYNTHIA GONZALES; et al.,<br><br>        Defendants - Appellees. | No. 14-55898<br><br>D.C. No. 3:13-cv-01587-CAB-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted July 26, 2016[**]

Before:   SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Anibal Silva and Ramon Silva-Reyes appeal pro se from the district court's

judgment dismissing their action alleging violations of federal, state, and

international law.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001), and we affirm.

The district court properly dismissed the action for improper venue because no defendant is alleged to reside in the Southern District of California, 28 U.S.C. § 1391(b)(1), and no "part of the events or omissions giving rise to the claim[s] occurred" there, 28 U.S.C. § 1391(b)(2).

The district court properly determined that it lacked personal jurisdiction over the Nicaraguan defendants because plaintiffs failed to allege facts sufficient to establish that the Nicaraguan defendants have "continuous and systematic" contacts with California that "approximate physical presence," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation and internal quotation marks omitted) (general jurisdiction), or that their claims arose out of or relate to the Nicaraguan defendants' forum-related activities, *id.* at 802 (specific jurisdiction). Contrary to plaintiffs' contentions, Rules 4(k)(1) & (2) of the Federal Rules of Civil Procedure do not confer personal jurisdiction over defendants.

The district court did not abuse its discretion in denying plaintiffs' motion for leave to file a second amended complaint because the proposed complaint did not remedy the jurisdictional deficiencies and further amendment would be futile.

*See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (setting forth standard of review).

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellant's August 7, 2014, October 20, 2014, and December 3, 2015 requests for judicial notice, and December 26, 2015 request that the court refer appellees to the United States Department of Justice, are denied.

Appellant's December 4, 2015 motion for miscellaneous relief is granted. The Clerk shall remove Docket Entry No. 34-2 from the docket and shall replace it with Docket Entry No. 35-2.

**AFFIRMED.**