NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID I. SCOTT, | No. 15-35226 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-03141-TOR |
| v. | |
| MACY'S, AKA DSNB Macy's Inc.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

David I. Scott appeals pro se from the district court's judgment dismissing

his diversity action alleging claims related to his credit card account.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 338, 341 (9th Cir. 2010).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Scott's claims under the Fair Credit Reporting Act ("FCRA") because Scott cannot bring a private action under 15 U.S.C. § 1681s-2(a) and Scott failed to allege facts sufficient to show that he notified a consumer reporting agency about the dispute under § 1681s-2(b).  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (under the FCRA, 15 U.S.C. § 1681s-2(a) does not create a private right of action and the duties under § 1681s-2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency).

The district court properly dismissed Scott's negligent infliction of emotional distress claim because Scott failed to allege facts sufficient to state a plausible claim.  *See Haubry v. Snow*, 31 P.3d 1186, 1193 (Wash. 2001) (setting forth elements of claim for negligent infliction of emotional distress under Washington law).

The district court did not abuse its discretion by denying leave to amend as to Scott's FCRA and negligent infliction of emotional distress claims, or denying Scott's requests for leave to file his proposed amended complaints because amendment would have been futile.  *See Gardner v. Martino*, 563 F.3d 981, 990,

992 (9th Cir. 2009) (denial of leave to amend is appropriate where amendment would be futile); *see also Far W. Fed. Bank, S.B. v. Office of Thrift Supervision-Dir.*, 119 F.3d 1358, 1364 (9th Cir. 1997) (frustration of purpose is an excuse for non-performance, not a cause of action for breach of contract).

The district court dismissed without leave to amend Scott's Fair Credit Billing Act claim under 15 U.S.C. § 1666(a). However, dismissal without leave to amend was premature because it is not absolutely clear that the deficiencies could not be cured by amendment. *See Am. Exp. Co. v. Koerner*, 452 U.S. 233, 237 (1981) (under § 1666(a) once a creditor receives a notice of billing error, it must investigate the matter within 90 days or two complete billing cycles, whichever is shorter); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review). Specifically, Scott raised details about his billing cycles in his motion for reconsideration. Although Scott did not allege the billing cycle information in his proposed amended complaint filed with his motion for reconsideration, he should be given an opportunity to

amend prior to dismissal of this claim.  We vacate the judgment in part and remand to allow Scott an opportunity to file an amended complaint as to his 15 U.S.C. § 1666(a) claim only.

We do not consider issues not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**