**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  DUSTIN ROGER CHANTEL; ELIZABETH DARLENE CHANTEL, Debtors. _____ DUSTIN ROGER CHANTEL; ELIZABETH DARLENE CHANTEL, Appellants, v. WILLIAM E. PIERCE, Chapter 7 Trustee, Appellee. | No. 15-60054 BAP No. 14-1511 MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Kirscher, Bankruptcy Judges, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Chapter 7 debtors Dustin Roger Chantel and Elizabeth Darlene Chantel

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal pro se from a judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order, following a two-day trial, determining that assets held in a trust belonged to the bankruptcy estate and denying the debtors a discharge. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Americredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 611 F.3d 1158, 1160 (9th Cir. 2010). We affirm.

The bankruptcy court properly concluded that assets held in the trust were property of the bankruptcy estate because the trust's assets were in the possession, custody or control of the debtors and the trust was used as the debtors' "personal asset repository." *See* 11 U.S.C. § 541(a)(1); *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (all legal or equitable interests of a debtor in property become property of the bankruptcy estate upon the commencement of a bankruptcy case).

The bankruptcy court did not commit clear error in determining that the debtors knowingly and fraudulently made material false oaths when they failed to disclose in their bankruptcy schedules their interest in property purportedly held by the trust. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196, 1203-04 (9th Cir. 2010) (bankruptcy court's factual findings reviewed for clear error, giving great deference to a bankruptcy court's determinations about the credibility of

witnesses). Thus the bankruptcy court properly denied the debtors' discharge under 11 U.S.C. § 727(a)(4)(A). *See id.* at 1196-99 (requirements for denying a debtor a discharge under § 727(a)(4)(A)).

The bankruptcy court did not commit clear error in finding that the debtors also concealed and transferred property of the estate with the intent to hinder, delay, or defraud creditors, and hence properly denied the debtors' discharge under 11 U.S.C. § 727(a)(2)(A), (B). *See id.* at 1200 (requirements for denying a debtor a discharge under § 727(a)(2)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record the debtors' contention that the bankruptcy court demonstrated bias.

The debtors' "motion to grant default judgment under Federal Rules of Civil Procedure 55" (Docket Entry No. 20) is denied.

**AFFIRMED.**