NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD J. TRITZ; IRENE C. TRITZ, | No. 16-55584 |
| Plaintiffs-Appellants, | D.C. No. 8:15-cv-01771-AG-JCG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Richard J. Tritz and Irene C. Tritz ("taxpayers") appeal pro se from the

district court's judgment dismissing their action arising out of the collection of

taxes.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe*

*v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12(b)(6)); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (dismissal for lack of subject matter jurisdiction). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal for lack of subject matter jurisdiction of the first, second, and third causes of action was proper because taxpayers did not file their action within two years of when their action accrued. *See* 26 U.S.C. § 7433(d)(3) (action to enforce liability under § 7433 "may be brought only within 2 years after the date the right of action accrues"); *see also* 26 C.F.R. § 301.7433-1(g)(2) ("A cause of action . . . accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."); *United States v. Dalm*, 494 U.S. 596, 608 (1990) (statute of limitations requiring suit against the government be brought within a certain time frame is one of the terms of consent to be sued). We reject as without merit taxpayer's contention that their action accrued on May 27, 2014, when the Supreme Court denied certiorari in their prior action.

Contrary to taxpayers' contention, defendant's alleged improper collection actions are not reviewable under the Administrative Procedure Act ("APA") because the APA does not authorize the award of money damages, and to the

2                                                                                                    16-55584

extent taxpayers assert a claim for injunction relief, such a claim is barred by the Anti-Injunction Act. *See* 5 U.S.C. § 702 (applying to actions against the United States "seeking relief other than money damages"); 26 U.S.C. § 7421(a) (providing that subject to certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person").

The district court properly dismissed taxpayers' fourth cause of action because taxpayers failed to allege facts sufficient to show a violation of the Freedom of Information Act ("FOIA"), including what information was requested from defendant. *See* 5 U.S.C. § 552(a) (FOIA requirements); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record taxpayers' contentions regarding discovery.

**AFFIRMED.**

16-55584