NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAM SOHN, | No. 15-17231 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02913-HRL |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted October 23, 2017[***]

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Sam Sohn appeals pro se from the district court's judgment enforcing the

terms of a settlement agreement in her action alleging federal and state claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's enforcement of a settlement agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in granting defendant's motion to enforce the settlement agreement because the settlement demand constituted a valid settlement agreement when Wells Fargo accepted it and Sohn provides no basis to rescind the settlement agreement unilaterally. *See Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011) ("[A] contract that omits terms . . . [that affect the value of the bargain] is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages."); *Huens v. Tatum*, 60 Cal. Rptr. 2d 438, 442 (Ct. App. 1997) ("To set . . . aside [a settlement], one must present contractual grounds for rescission-fraud, mutual mistake, coercion, etc."); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); Cal. Civ. Code § 1550 (elements of a contract under California law).

We reject as without merit Sohn's contentions concerning the district court's decision to conduct an evidentiary hearing on defendant's motion to enforce a settlement agreement. *See Adams v. Johns-Manville Corp.*, 876 F.2d 702, 708 (9th

2                                                                                    15-17231

Cir. 1989) ("[W]here the parties dispute the existence or terms of the [settlement] agreement, an evidentiary hearing is required." (citation omitted))

We reject as unsupported by the record Sohn's contention concerning judicial bias.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sohn's motion to amend her reply brief (Docket Entry No. 39) is granted. The Clerk shall file the oversized reply brief received on October 16, 2017 (Docket Entry No. 38).

Sohn's motion for an extension of time to file a corrected reply brief (Docket Entry No. 40) is denied.

**AFFIRMED.**