**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPH PADGETT; DARLA PADGETT,
        *Plaintiffs-Appellees,*

v.

A. CURTIS WRIGHT,
        *Defendant-Appellant,*

and

BRIAN LOVENTHAL; LISA M. RICE,
        *Defendants.*

No. 08-16720

D.C. No.
5:04-cv-03946-JW

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted October 5, 2009*
San Francisco, California

Filed November 20, 2009

Before: Mary M. Schroeder and Marsha S. Berzon,
Circuit Judges, and Lyle E. Strom,** District Judge.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

15423

## COUNSEL

Todd H. Master, Redwood City, California, for the defendant-appellant.

M. Jeffery Kallis, Andrew V. Stearns, and Steven M. Berki, San Jose, California, for the the plaintiffs-appellees.

## ORDER

The mandate in this case and the opinion filed on October 14, 2009, are hereby withdrawn. The opinion filed concurrently with this order will replace the October 14, 2009, opinion, and mandate shall issue forthwith.

## OPINION

PER CURIAM:

A. Curtis Wright appeals the district court's denial of his motion for summary judgment on the ground of qualified immunity in this § 1983 action. After this qualified immunity appeal was filed, the case went to trial, and a jury found Wright liable to appellee Joseph Padgett for deprivation of his First Amendment rights. We dismiss this appeal.

[1] Generally, denials of summary judgment are not appealable. *See, e.g.*, *Jones-Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 693-94 (9th Cir. 1992). The Supreme Court has recognized a narrow exception for a dis-

trict court's denial of qualified immunity. *See Mitchell v. For-syth*, 472 U.S. 511, 530 (1985). The reasoning behind this departure from the general rule is that qualified immunity is "an *immunity from suit* rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526. Although a pretrial appeal of an order denying qualified immunity normally divests the district court of jurisdiction to proceed with trial, the district court may certify the appeal as frivolous and may then proceed with trial, as the district court did here.[1] *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

**[2]** Wright's interest in immediately appealing the district court's denial of qualified immunity was an interest in avoiding "stand[ing] trial or fac[ing] the other burdens of litigation." *Mitchell*, 472 U.S. at 526. Because the trial has already occurred, there is no longer any compelling reason for us to deviate from the general rule preventing us from reviewing denials of summary judgment. "Since the appeal was taken before the trial, the only ruling that it could challenge was the ruling that [Wright] must stand trial . . . . Since all that was at stake in the appeal was whether [Wright] must stand trial, the trial mooted the appeal by eliminating the stake." *Chan v. Wodnicki*, 67 F.3d 137, 140 (7th Cir. 1995).

It would be particularly inappropriate for us to hear this appeal, as it focuses entirely on the threshold question of whether a constitutional violation occurred. Wright's opening brief makes no argument as to whether he is entitled to qualified immunity *even if* the facts shown by the plaintiffs make out a violation of a constitutional right, as it fails to address "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009) (quoting *Saucier v. Katz*, 533

---

[1]Wright applied to this court for a stay of trial. We denied his motion without ruling on the merits of his appeal.

U.S. 194, 201 (2001)).[2] By now, however, a jury has found that Wright did violate Joseph Padgett's constitutional rights. The denial of a motion for summary judgment is usually not reviewable even after a full trial on the merits. *See, e.g.*, *Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir. 2000). There is an exception to this rule where the denial of summary judgment turned on a purely legal question, rather than a disputed factual issue that went to the jury. *See Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 906 (9th Cir. 1999). This exception is not here applicable, as the jury verdict concerned precisely the issue that was the subject of Wright's qualified immunity appeal — whether Wright violated Padgett's First Amendment rights.

**[3]** Wright can obtain review of the jury verdict by appealing it once final judgment is entered. We will not entertain a prejudgment qualified immunity appeal asking us to decide the same question a jury has already decided. We thus dismiss the appeal.

**[4]** The Padgetts ask us to sanction Wright for filing a frivolous appeal. Fed. R. App. P. 38 ("[I]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). Because their request was not sep-

---

[2]Wright's belated attempt to argue, in a reply brief, that a reasonable public official would not have thought Wright's conduct was unconstitutional does not remedy this problem. This court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985). Moreover, Wright did not argue in his memorandum of points and authorities supporting his motion for summary judgment before the district court that a reasonable public official would not have thought his conduct was unconstitutional. "We will not . . . review an issue not raised below unless necessary to prevent manifest injustice." *Id.*

arately filed, we deny the request. *See Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004) ("A request made in an appellate brief does not satisfy Rule 38 . . . ." (quoting *State of Cal. Emp. Dev. v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1154 (9th Cir. 1996))).

The appeal is DISMISSED.