**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT HACKWORTH, Jr., | No. 10-16962 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00772-LJO-DLB |
| v. | |
| H. GERMAN, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Robert Hackworth, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment and judgment following a jury verdict in his 42

U.S.C. § 1983 action alleging excessive force and due process violations.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's grant

of summary judgment, *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989), and for

an abuse of discretion its supervision of jury trials, *Price v. Kramer*, 200 F.3d

1237, 1252 (9th Cir. 2000).  We affirm.

The district court properly granted summary judgment on Hackworth's due

process claim because Hackworth failed to raise a genuine dispute of material fact

as to whether he suffered any deprivation of a liberty interest.  *See Sandin v.*

*Conner*, 515 U.S. 472, 484 (1995); *see also Taylor*, 880 F.2d at 1045 (unsupported

conclusory allegations insufficient to defeat summary judgment).

Contrary to Hackworth's contentions, the district court judge did not abuse

its broad discretion in supervising the jury trial.  *See Prince*, 200 F.3d at 1252 ("A

judge's participation during trial warrants reversal only if the record shows actual

bias or leaves an abiding impression that the jury perceived an appearance of

advocacy or partiality." (citation and internal quotation marks omitted)); *see also*

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir.

1995) ("[T]he trial court is in a superior position to gauge the prejudicial impact of

counsel's conduct during the trial.").

Hackworth's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

(per curiam).

**AFFIRMED.**