NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACQUELINE WARNER,

               Plaintiff-Appellant,

v.

CMG MORTGAGE, INC.; et al.,

               Defendants-Appellees.

No. 15-17505

D.C. No. 4:15-cv-01835-YGR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Jacqueline Warner appeals pro se from the district court's judgment

dismissing her action alleging Truth in Lending Act ("TILA") and state law claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Harkonen*

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. U.S. Dep't of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015).  We affirm.

The district court properly dismissed Warner's TILA claims as barred by the doctrine of res judicata because Warner unsuccessfully raised those same claims before the United States Bankruptcy Court for the Southern District of New York. *See Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 528-29 (9th Cir. 1998) (holding borrower's action against lender was barred by the res judicata effect of a related bankruptcy proceeding); *United States v. Coast Wineries*, 131 F.2d 643, 648 (9th Cir. 1942) ("[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.").  Contrary to Warner's contention, the decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), does not affect the res judicata bar.

The district court did not abuse its discretion by denying Warner's motion for reconsideration because Warner failed to establish any basis for such relief. *See Sch. Dist. No.1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rules of Civil Procedure 59(e) and 60(b)).

We do not consider matters not specifically and distinctly raised and argued

15-17505

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Warner's motions filed on April 8, 2016 and May 4, 2016 are denied.

**AFFIRMED.**