**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD J. WILSON, | No. 15-17463 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-00721-JCC |
| v. | |
| LOPEZ, Sgt.; DIAZ, Lt., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John C. Coughenour, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Gerald J. Wilson appeals pro se from the district court's judgment following a jury verdict in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs arising from a bunk assignment. We review for an abuse of discretion the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidentiary rulings. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by excluding the testimony of Wilson's inmate witness because the witness declared that he lacked personal knowledge of the events at issue. *See* Fed. R. Evid. 701.

The district court did not abuse its discretion by admitting defendants' exhibits into evidence because they were relevant to Wilson's allegations that he had fallen from an upper bunk, and the medical records were admissible under the hearsay exception for records of a regularly conducted activity. *See* Fed. R. Evid. 401, 803(6). We reject as unsupported by the record Wilson's contention that the district court did not rule on his motion to exclude defendants' exhibits and trial brief.

Wilson's arguments regarding Dr. Barnett's expert testimony were not raised before the district court and are waived. *See Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) ("Failure to raise a [*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)] challenge at trial causes a party to waive the right to raise objections to the substance of expert testimony post-trial."); *Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (failure to object to evidence at trial on the specific basis raised on appeal results in waiver).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wilson's request for judicial notice, set forth in the opening brief, is denied.

**AFFIRMED.**