**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCIA A. SIENKO, | No. 16-35121 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-00082-JTJ |
| v. | |
| NANCY A. BERRYHILL, Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted June 2, 2017[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Marcia A. Sienko appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income benefits under Titles II and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. At step four of the sequential evaluation process, the administrative law judge (ALJ) determined that Sienko could perform her past relevant work. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ did not err in assigning little weight to the contradicted opinion of treating physician Dr. Scott Burk regarding the intensity and limiting effect of Sienko's impairments. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Burk's opinion. The ALJ stated that Dr. Burk's opinion was inconsistent with the medical evidence and relied heavily upon Sienko's non-credible subjective reports regarding the severity of her impairments. *See Valentine v. Comm'r of the Soc. Sec Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). The credibility determination is not challenged on appeal, and is, therefore, waived. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The ALJ provided germane reasons for only giving some weight to the opinion of lay witness Brian Ragland by stating that Ragland's opinion was inconsistent with the medical evidence. *See Molina*, 674 F.3d at 1114 (explaining that the ALJ must give reasons that are germane to each witness to discount competent lay witness testimony).

**AFFIRMED.**