NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN CUNNINGHAM, | No. 16-55365 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02249-DTB |
| v. | |
| FEDEX EXPRESS, Erroneously Sued As Federal Express Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David T. Bristow, Magistrate Judge, Presiding**

Submitted June 26, 2017***

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Karen Cunningham appeals pro se from the district court's summary

judgment in her diversity action alleging wrongful termination in violation of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

implied contract and intentional infliction of emotional distress. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Yartzoff v. Thomas*, 809 F.2d 1371, 1373 (9th Cir. 1987), and we affirm.

The district court properly granted summary judgment on Cunningham's wrongful termination claim because Cunningham was an at-will employee, and Cunningham failed to raise a genuine dispute of material fact as to whether an implied-in-fact employment contract was created. *See Tomlinson v. Qualcomm, Inc*., 118 Cal. Rptr. 2d 822, 829-31 (Ct. App. 2002) (explaining that California "courts will not imply an agreement if doing so necessarily varies the terms of an express at-will employment agreement signed by the employee").

The district court properly dismissed Cunningham's intentional infliction of emotional distress claim because it is preempted by California's workers' compensation scheme. *See Cole v. Fair Oaks Fire Prot. Dist*., 729 P.2d 743, 750 (Cal. 1987) (intentional infliction of emotional distress claims predicated on alleged misconduct that occurs within the normal scope of an employment relationship are preempted by the Workers' Compensation Act).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal, including Cunningham's contentions that FedEx Express or its counsel falsified drug results or that Cunningham received ineffective assistance of

counsel. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Because we do not rely on the portions of record that FedEx challenges in its motion to strike (Docket Entry No. 15), the motion is **DENIED** as unnecessary.

**AFFIRMED.**