**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL LOPEZ, | No. 16-55216 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-01369-SVW-RAO |
| v. | |
| CITY OF SANTA ANA, a Municipal Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Jose Manuel Lopez appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Fed. R. Civ. P. 12(c). *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016). We affirm.

The district court properly dismissed Lopez's §§ 1983 and 1985 claims for false arrest and false imprisonment on the basis of the applicable statute of limitations because Lopez's claims accrued more than two years before he filed this action. *See Wallace v. Kato*, 549 U.S. 384, 397, 389 (2007) (§ 1983 claim arising from false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," and a false imprisonment claim begins to run when the alleged false imprisonment ends); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (California's statute of limitations for personal injury torts applies to §§ 1983 and 1985 claims).

The district court properly dismissed Lopez's claims under the Eighth Amendment, Fourteenth Amendment, and conspiracy claim under § 1985 because Lopez failed to allege facts sufficient to state plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, plaintiff must present factual allegations sufficient to state a plausible claim for relief).

16-55216

The district court properly dismissed Lopez's claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), because governmental entities cannot form the necessary criminal intent to commit a RICO violation. *See Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996).

The district court did not abuse its discretion by denying Lopez's motion for summary judgment without prejudice in order to first resolve a pending motion for judgment on the pleadings. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Lopez's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)). We treat the dismissal of the state law claims as a dismissal without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline

16-55216

jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted).

We reject as without merit Lopez's contentions regarding the continuing violation doctrine and that the district court improperly considered matters outside the pleadings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

16-55216