NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLINTON C. ST. CLASSIS BROWN II, | No. 17-15441 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00559-LEK-KJM |
| v. | |
| DCK WORLDWIDE, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted November 15, 2017**

Before:   CANBY, TROTT, and GRABER, Circuit Judges.

Clinton C. St. Classis Brown II appeals pro se from the district court's

summary judgment in his employment action alleging federal and state law claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v.*

*Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Brown's race and color discrimination claims because Brown failed to raise a genuine dispute of material fact as to whether he was performing according to his employer's legitimate expectations, or whether he was treated less favorably than similarly situated employees not of his protected class. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140 (9th Cir. 2001) (setting forth prima facie case of discrimination under Title VII); *Schefke v. Reliable Collection Agency, Ltd.*, 32 P.3d 52, 69-70 (Haw. 2001) (acknowledging the Supreme Court of Hawaii's adoption of the burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for Hawaii race discrimination claims); *see also McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1138 (9th Cir. 2004) ([S]tatements by nondecisionmakers . . . cannot alone suffice to satisfy the plaintiff's burden[.]" (brackets, citation, and internal quotation marks omitted)).

The district court properly granted summary judgment on Brown's Title VII harassment claim because Brown failed to raise a triable dispute as to whether defendants were aware of the alleged harassing conduct prior to Brown's termination. *See Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001) ("[A]n

17-15441

employer cannot be held liable for misconduct of which it is unaware.").

The district court properly granted summary judgment on Brown's retaliation claims because Brown failed to raise a triable dispute as to whether he engaged in protected activity prior to his termination. *See Bergene*, 272 F.3d at 1140-41 (setting forth prima facie case of retaliation under Title VII); *Lales v. Wholesale Motors Co.*, 328 P.3d 341, 365-66 (Haw. 2014) (setting forth prima facie case of retaliation under Hawaii law).

The district court properly granted summary judgment on Brown's whistleblowing claim because Brown failed to raise a triable dispute as to whether he was engaged in conduct protected by Hawaii's whistleblowing statute during the relevant period. *See* Haw. Rev. Stat. § 378-62 (setting forth protected whistleblowing activities under Hawaii law).

The district court did not abuse its discretion by granting defendants' motions concerning contacting witnesses and for a protective order because Brown failed to show he was prejudiced by these orders. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that "a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and

substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

Contrary to Brown's contentions, the district court did not conclude that it was acceptable for others to use racial slurs to address him.

We reject as meritless Brown's contention that he was denied due process by virtue of poverty.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-15441