**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN B. NEUBER, | No.   17-35122 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00833-JR |
| v. | |
| JOSHUA PRITT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Jonathan B. Neuber appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising

from the imposition of certain conditions of probation and post-prison supervision.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment and finding of qualified immunity, *May v. Baldwin*, 109 F.3d 557, 560-61 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment on the basis of qualified immunity because defendants' conduct did not violate clearly established law. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (officials sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**