**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEWIS A. HARRY, Jr., | No. 17-15427 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-00527-CKJ |
| v. | |
| M. PERKINS, Deputy Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Lewis A. Harry, Jr., an Arizona state prisoner, appeals pro se from the

district court's judgment in his action brought under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging that

prison officials exposed him to environmental tobacco smoke, violated his

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

religious rights, and retaliated against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion); *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Harry's claims premised on alleged breaches of private settlement agreements reached in Harry's prior actions because failure to comply with the terms of a private settlement agreement, absent more, is not enforceable in federal court. *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) ("[A] district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction."); *see also* 18 U.S.C. § 3626(c), (g)(1), (g)(6) (distinguishing between "consent decrees" and "private settlement agreements" in actions concerning prison conditions, and explaining that "private settlement agreements" are not enforceable in federal court).

The district court properly granted summary judgment on Harry's First Amendment and RLUIPA claims relating to his religious diet because Harry failed to raise a genuine dispute of material fact as to whether the required interview with a chaplain substantially burdened his exercise of religion and because the requirement reasonably related to a legitimate penological interest. *See Walker v.*

2                                                                 17-15427

*Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (elements of a RLUIPA claim); *Shakur*, 514 F.3d at 885-88 (analyzing § 1983 claim concerning denial of inmate's request for Kosher diet under four part test stated in *Turner v. Safley*, 482 U.S. 78 (1987)); *Warsoldier v. Woodford*, 418 F.3d 989, 994-96 (9th Cir. 2005) (explaining that prisoner has initial burden to demonstrate that prison policies "constitute a substantial burden on the exercise of his religious beliefs" and that prison policy imposes substantial burden when it "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs").

The district court properly granted summary judgment on Harry's First Amendment and RLUIPA claims relating to his religious property because Harry failed to raise a genuine dispute of material fact as to whether limiting the number of books prisoners may possess substantially burdened Harry's exercise of religion and because the regulation reasonably related to a legitimate penological interest. *See Walker*, 789 F.3d at 1134; *Shakur*, 514 F.3d at 885-88; *Warsoldier*, 418 F.3d at 994-96.

The district court properly granted summary judgment on Harry's Eighth Amendment claim against all defendants but Jacobs because Harry failed to raise a genuine dispute of material fact as to whether these defendants knew of and disregarded an excessive risk to Harry's health. *See Helling v. McKinney*, 509 U.S. 25, 34-36 (1993) (setting forth evidence needed to prevail on a claim of

deliberate indifference based on exposure to second-hand smoke).

The district court properly granted summary judgment on Harry's retaliation claims against all defendants but Lundberg because Harry failed to raise a genuine dispute of material fact as to whether his complaints were the motivating factor behind the alleged retaliation and whether the allegedly retaliatory conduct was unrelated to legitimate penological goals. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995) (to prevail on a retaliation claim, a plaintiff's speech must be the motivating factor behind the retaliatory conduct).

The district court properly granted summary judgment on Harry's retaliation claim against Lundberg, and his Eighth Amendment claim against Jacobs premised on Harry's exposure to unreasonably high levels of environmental tobacco smoke, because Harry failed to exhaust his administrative remedies in a proper manner. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Harry's request for leave to amend the complaint. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir.

17-15427

2010) (setting forth standard of review and factors to consider in permitting leave to amend).

We reject as meritless Harry's contentions concerning fraud upon the court and attorney misconduct.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**