NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROCHELLE GRAY,

　　　　　Plaintiff-Appellant,

v.

ROBERT WILKIE,[*]

　　　　　Defendant-Appellee.

No.　19-15061

D.C. No. 4:17-cv-03973-HSG

MEMORANDUM[**]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 3, 2020[***]

Before:　　MURGUIA, CHRISTEN, and BADE, Circuit Judges.

　　Rochelle Gray appeals pro se from the district court's summary judgment in

her employment action alleging discrimination under Title VII and the Age

---

　　[*]　　Robert Wilkie has been substituted for his predecessor, David J. Shulkin, as Secretary of Veterans Affairs under Fed. R. App. P. 43(c)(2).

　　[**]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[***]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Weill v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1001 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment because Gray failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for placing Gray on a performance plan and discharging her were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (setting forth framework for Title VII discrimination claim and explaining that summary judgment is appropriate where plaintiff did not establish "a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence" (citations and internal quotation marks omitted)); *Sangvhi v. City of Claremont*, 328 F.3d 532, 536 n.3 (9th Cir. 2003) (Title VII and ADEA claims are analyzed under the same burden-shifting framework).

The district court did not abuse its discretion by denying Gray's request for additional discovery under Federal Rule of Civil Procedure 56(d) because Gray did not show how additional discovery would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (setting forth the standard of review and upholding the denial of a request for a continuance where plaintiff "did not identify the specific facts that further

2                                                                                          19-15061

discovery would have revealed or explain why those facts would have precluded summary judgment").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**