**NOT FOR PUBLICATION**

**FILED**

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUL HYUN GONG, | No. 20-56082 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-05026-MCS-AGR |
| v. | |
| WESTLEND FINANCING, INC., DBA American Capital Funding, Lenders, A California Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Chul Hyun Gong appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law violations

stemming from a nonjudicial foreclosure.  We have jurisdiction under 28 U.S.C.

------

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review for an abuse of discretion a sua sponte dismissal for failure to prosecute. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). We affirm.

The district court did not abuse its discretion by dismissing Gong's action for failure to prosecute because Gong was given leave to amend his complaint and he failed to do so. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); *Yourish v. California Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999) (listing factors to be considered in dismissing a case as a sanction for failure to prosecute).

Contrary to Gong's contentions, Gong was neither entitled to entry of default against defendants who had timely filed a motion to dismiss in lieu of an answer nor entitled to default judgment against defendants not named in the operative complaint.

We reject as without merit Gong's contentions that the district court and the Clerk of Court were biased against him or engaged in unlawful or improper conduct.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-56082

All pending motions and requests are denied.

**AFFIRMED.**