**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: DENNIS BAHAM,

Debtor,

No. 20-60048

BAP No. 20-1081

------------------------------

DENNIS BAHAM,

Appellant,

MEMORANDUM[*]

v.

BANK OF NEW YORK,

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Brand, and Gan, Bankruptcy Judges, Presiding

Submitted November 8, 2021[**]

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

Dennis Baham appeals pro se from the judgment of the Bankruptcy

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel ("BAP") affirming the bankruptcy court's order imposing sanctions. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review for an abuse of discretion a bankruptcy court's award of sanctions. *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion by imposing sanctions on Baham under Bankruptcy Rule 9011 and its inherent authority because Baham acted in bad faith and with an improper purpose in filing his bankruptcy petition. *See* Fed. R. Bankr. P. 9011; *Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 870 (9th Cir. 2003) (discussing when sanctions are warranted under Rule 9011); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc*.), 77 F.3d 278, 284 (9th Cir. 1996) (bankruptcy courts have "inherent authority" to sanction "bad faith" or "willful misconduct").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**