NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGIA BABB; et al.,<br><br>              Plaintiffs-Appellants,<br><br>  v.<br><br>CALIFORNIA TEACHERS<br>ASSOCIATION; et al.,<br><br>              Defendants-Appellees,<br><br>  and<br><br>ATTORNEY GENERAL FOR THE STATE<br>OF CALIFORNIA,<br><br>              Intervenor-Defendant-<br>              Appellee. | No. 19-55692<br><br>D.C. No. 8:18-cv-00994-JLS-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 19, 2022[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellants' request for oral argument, set forth in the opening brief, is denied.

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Georgia Babb, John J. Frangiamore, Jr., William Happ, Aaron Holbrook, Michelle Pecanic-Lee, David Schmus, and Abram Van Der Fluit appeal from the district court's judgment dismissing their 42 U.S.C. § 1983 putative class action alleging a First Amendment claim arising out of compulsory agency fees (also known as fair share fees) paid to California Teachers Association, United Teachers Los Angeles, and National Education Association.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 1265 (2021).  We affirm.

The parties agree that this court's intervening decision in *Danielson v. Inslee*, 945 F.3d 1096 (9th Cir. 2019), controls the outcome of this appeal.

The district court properly dismissed appellants' action because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448, 2486 (2018).  *Danielson*, 945 F.3d at 1097-99, 1102-03 (explaining that plaintiffs' monetary relief claim was for damages and not restitution, but "[e]ven accepting Plaintiffs' restitutionary premise, the equities do not weigh in favor of requiring a refund of all agency fees collected pre-*Janus*").

19-55692

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Appellees' motion for summary affirmance (Docket Entry No. 45) is denied as moot.

**AFFIRMED.**