NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDY MARIE SANDOVAL, | No. 21-35213 |
| Plaintiff-Appellant, | D.C. No. 6:19-cv-00712-YY |
| v. | |
| SETH MELVIN, Winston Police Department, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| SERGEANT TURNER, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding[**]

Submitted March 16, 2022[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Brandy Marie Sandoval appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging that Officer Seth Melvin violated her constitutional rights by using excessive force when arresting her. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019), and we affirm.

The district court properly granted summary judgment because Sandoval failed to raise a genuine dispute of material fact as to whether Melvin's use of force was unreasonable in light of the facts and circumstances. *See id.* (setting forth objective reasonableness standard for excessive force determinations); *Felarca v. Birgeneau*, 891 F.3d 809, 817 (9th Cir. 2018) ("We may infer from the minor nature of a plaintiff's injuries that the force applied was minimal."); *Glenn v. Washington County*, 673 F.3d 864, 871-72, 876 (9th Cir. 2011) (balancing the intrusion on an individual's Fourth Amendment rights against the government's interest in that intrusion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

21-35213