**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISPIN GRANADOS,

          Plaintiff-Appellant,

  v.

ARIZONA, STATE OF; DAVID SHINN,
Director, Director of ADOC; CARRILLO,
CO III, aka per Doc 21 #5382 also known as
David Carrillo; AVANT-ORTIZ, Nurse
Practitioner; DRAKE, CO II, aka per Doc 21
#11869 also known as Jeffrey Drake,

          Defendants-Appellees.

No.   22-15425

D.C. No. 2:20-cv-01099-SPL-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 15, 2023[**]

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

    Arizona state prisoner Crispin Granados appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging Eighth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment because Granados failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing an action, and describing limited circumstances in which administrative remedies are unavailable); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Granados's pending motions are denied.

**AFFIRMED.**