**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL JOHN BRADWAY, | No. 22-16356 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00436-DAD-KJN |
| v. | |
| YASHODARA RAO, Chief Dr. of Mental Health, E.O.P, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 21, 2024**

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

California state prisoner Gabriel John Bradway appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

claims arising from his mental health treatment.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004).  We affirm.

The district court properly granted summary judgment on Bradway's deliberate indifference claim because Bradway failed to raise a genuine dispute of material fact as to whether defendant Rao acted with deliberate indifference by declining to intervene to prevent Bradway's assignment to a double cell or was otherwise personally involved in any alleged constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be held liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety"); *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) ("To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." (alteration, citation, and internal quotation marks omitted)); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

22-16356

All pending motions are denied.

**AFFIRMED.**