NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER SZANTO, | No. 22-35851 |
| Appellant, | D.C. No. 3:21-cv-00163-SI |
| v. | |
| CANDACE AMBORN, | MEMORANDUM* |
| Appellee. | |

| | |
|---|---|
| PETER SZANTO, | No. 22-35852 |
| Appellant, | D.C. No. 3:21-cv-00417-SI |
| v. | |
| CANDACE AMBORN, | |
| Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 30, 2025**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Peter Szanto appeals pro se the district court's judgment affirming the bankruptcy court's orders finding him in contempt of court. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the bankruptcy court's civil contempt rulings, *In re Taggart*, 980 F.3d 1340, 1347 (9th Cir. 2020), and for clear error any underlying factual findings, *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003). We affirm.

The bankruptcy court did not abuse its discretion by entering contempt orders because Szanto failed to comply with the court's previous orders. *See In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (setting forth legal standard for finding a party in civil contempt). Szanto has not shown clear error in the bankruptcy court's finding that he failed to sign forms required by the court's order or its credibility determinations. *See Cooper v. Harris*, 581 U.S. 285, 309 (2017) ("[W]e give singular deference to a trial court's judgments about the credibility of witnesses.").

We reject as unsupported by the record Szanto's contentions of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We decline to consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Szanto's pending motions are denied. (In No. 22-35851, Docket Entry Nos. 35, 40, 43, 46, and 49; and in No. 22-35852, Docket Entry Nos. 34, 39, 42, 45, and 48).

**AFFIRMED.**