NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK MAHON, | No. 24-3589 |
| Plaintiff - Appellant, | D.C. No. 4:20-cv-01523-YGR |
| v. | |
| MAINSAIL, LLC; SHORELINE ENTERTAINMENT INC.; SAM EIGEN; MORRIS RUSKIN, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| ENTERTAINMENT ONE LICENSING US, INC., ENTERTAINMENT ONE, LTD., E1 ENTERTAINMENT UK, LTD., ENTERTAINMENT ONE U.S., LP, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 18, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Mark Mahon appeals pro se from the district court's summary judgment in his action alleging copyright infringement, trafficking in counterfeit labels, and state law claims for fraud and conversion, all in relation to a film he created. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross motions for summary judgment. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021). We affirm.

The district court properly granted summary judgment for defendants on Mahon's copyright claims because Mahon failed to create a genuine dispute of material fact as to whether defendants directly infringed on the film's copyrights, or materially contributed to, induced, or had the right and ability to supervise another's infringement. *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731, 745 (9th Cir. 2019) (setting forth elements to establish direct, contributory, and vicarious infringement). The district court did not abuse its discretion in applying judicial estoppel to bar Mahon's contention that he, not his company, Maron Pictures, owned the relevant copyrights. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (setting forth standard of review and factors for applying judicial estoppel, including that a party would gain an unfair advantage from arguing a position inconsistent with one that a court previously accepted in granting relief).

2                                                                          24-3589

The district court properly granted summary judgment for defendants on Mahon's claims of trafficking in counterfeit or illicit labels because Mahon failed to create a triable dispute as to whether defendants transported, transferred, or disposed of any such labels for financial gain or possessed such labels with intent to do the same. *See* 18 U.S.C. §§ 2318(a)(1) (prohibiting trafficking in "counterfeit" and "illicit" labels), 2320(f)(5) (defining trafficking).

The district court properly granted summary judgment for defendants on Mahon's conversion claims because Mahon failed to create a triable dispute as to whether he owned or had a right to possess the DVDs and royalties in question. *See Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015) (setting forth elements of conversion under California law, including that the plaintiff must own or have the right to possess the property).

The district court properly granted summary judgment for defendants on Mahon's concealment claims because Mahon failed to create a triable dispute as to whether defendants concealed or suppressed any material fact. *See Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 890 (Ct. App. 2011) (setting forth elements for fraud or deceit on the basis of concealment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

24-3589

All pending motions and requests are denied.

**AFFIRMED.**