**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THEODORE E. ESSENFELD, AKA Theordore E. Essenfeld, | No. 25-5700 |
| | D.C. No. 4:25-cv-00465-JGZ-PSOT |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| HUNG CAO, Acting Secretary of the Navy, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted June 22, 2026[**]

Before: CANBY, BENNETT, and BADE, Circuit Judges.

Former federal prisoner Theodore E. Essenfeld appeals pro se from the

district court's judgment dismissing for lack of jurisdiction his action challenging

disciplinary proceedings by the United States Navy. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.SC. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed Essenfeld's action for lack of subject matter jurisdiction because Essenfeld failed to identify a final agency action. *See Wild Fish Conservancy v. Jewell*, 730 F.3d 791, 800-01 (9th Cir. 2013) (explaining that for a challenged agency action to qualify as final under the Administrative Procedure Act ("APA"), it must "mark the consummation of the agency's decisionmaking process" and "must be one by which rights or obligations have been determined, or from which legal consequences will flow" (citation omitted)); *Rattlesnake Coal.*, 509 F.3d at 1104 (federal courts lack subject matter jurisdiction to hear an APA claim if there is no final agency action). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We affirm the dismissal and instruct the district court to amend the judgment to reflect that the dismissal of the action is without prejudice.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The parties will bear their own costs on appeal.

**AFFIRMED with instructions to amend the judgment.**

25-5700