**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL PETRAMALA,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>CITY OF SCOTTSDALE; KEN FLINT,<br><br>    Defendants-Appellees. | No. 18-16781<br><br>D.C. No. 2:17-cv-02449-DLR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Michael Petramala appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging claims stemming from his state

criminal action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

the district court's dismissal on the basis of the applicable statute of limitations.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ctr. for Biological Diversity v. EPA*, 847 F.3d 1075, 1084 n.7 (9th Cir. 2017). We affirm.

The district court properly dismissed Petramala's action as time-barred because Petramala filed his complaint more than two years after his action accrued in September 2004. *See* Ariz. Rev. Stat. § 12-542(1) (action alleging personal injury claim shall be commenced within two years after cause of action accrues); *Soto v. Sweetman*, 882 F.3d 865, 870-71 (9th Cir. 2018) (state tolling and statute of limitations for personal injury claims apply to § 1983 action, and federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action).

We do not consider Petramala's renewed request for appointment of counsel set forth in his opening brief. In Docket Entry No. 10, this court denied Petramala's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**