**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA A. SCHULER, | No. 18-16594 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01565-ROS |
| v. | |
| BANNER HEALTH; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted September 18, 2019[**]

Before:   FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Patricia A. Schuler appeals pro se from the district court's summary judgment in her employment action alleging various federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1001 (9th Cir. 2019). We affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Schuler's failure-to-accommodate claim because Schuler refused to participate in the Americans with Disabilities Act's ("ADA") interactive process. *See Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001) ("The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process."); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) ("An employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Schuler's discrimination and retaliation claims because Schuler failed to raise a genuine dispute of material fact as to whether Banner Health's legitimate, non-discriminatory reasons for its actions were pretextual. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (explaining that in an ADA discrimination action, where an employer has offered a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts back to the employee to show that the reason offered was pretextual); *Pardi v.*

*Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (same burden-shifting regime applied in ADA retaliation case).

To the extent that Schuler brought a hostile work environment claim, the district court properly granted summary judgment because Schuler failed to raise a genuine dispute of material fact as to whether any hostile conduct was engaged in because of her disability, or was sufficiently severe or pervasive to constitute harassment as a matter of law. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (explaining the elements of a prima facie hostile work environment claim).

The district court did not abuse its discretion by denying Schuler's untimely request for a jury trial because Schuler failed to show that her delay was caused by more than mere inadvertence. *See Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (setting forth standard of review and explaining that an "untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown").

The district court did not abuse its discretion by failing to grant Schuler permission to file a motion to compel because Schuler failed to show she suffered substantial prejudice as a result. *See Childress v. Darby Lumber, Inc.*, 357 F.3d

1000, 1009 (9th Cir. 2004) (standard of review); *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

We reject as without merit Schuler's contention that the district court was biased.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**