**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTQUAN DURPREE CLAY, | No. 19-56490 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02395-AG-DFM |
| v. | |
| SAN BERNARDINO COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Antquan Durpree Clay appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising from

a strip search while he was a pretrial detainee.  We have jurisdiction under 42

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Clay's excessive force claim against defendant Harris because Clay failed to raise a genuine dispute of material fact as to whether the force used to compel the search was objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (setting forth standard for an excessive force claim under the Fourteenth Amendment).

The district court properly granted summary judgment on Clay's unreasonable search claim against defendant Harris because Clay failed to raise a genuine dispute of material fact as to whether the search was unreasonable. *See Bull v. City & County of San Francisco*, 595 F.3d 964, 971-74 (9th Cir. 2010) (en banc) (setting forth factors relevant to reasonableness of pretrial detention search, including whether a search is reasonably related to a legitimate government objective).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**