**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMIL LAWRENCE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.,<br><br>        Defendants-Appellees. | No. 19-15917<br><br>D.C. No. 3:14-cv-00820-TSH<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding<sup>**</sup>

Submitted July 19, 2021<sup>***</sup>

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Emil Lawrence appeals pro se from the district court's order granting

defendants' motion to enforce a settlement agreement in his 42 U.S.C. § 1983

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

     ***   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in enforcing the oral settlement agreement because its finding that Lawrence accepted the terms of a complete settlement agreement was not contrary to law or clearly erroneous. *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015) (construction and enforcement of a settlement agreement is governed by local law of contract interpretation); *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (reversal of decision regarding enforceability of settlement agreement "is appropriate only if the court based its decision on an error of law or clearly erroneous findings of fact"); *see also* Cal. Civ. Code § 1550 (setting forth essential elements to the existence of a contract under California law).

We reject as without merit Lawrence's contentions that the district court was biased against him and violated his constitutional rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lawrence's motion for an extension of time is denied as unnecessary.

**AFFIRMED.**