**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERMAINE JEVON HOWARD, | No. 20-55959 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-05880-MWF-MRW |
| v. | |
| LUCY PEARL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Jermaine Jevon Howard appeals pro se from the district court's judgment

dismissing pursuant to 28 U.S.C. § 1915(e)(2) his copyright infringement action.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v.*

*Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  We reverse and remand.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court dismissed Howard's copyright claims as untimely under the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), because Howard claimed infringement of his copyright in songs that he allegedly co-authored with defendants in 1996. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (copyright claim must be filed within three years after accrual). In his second amended complaint, Howard alleged that the songs continue to be sold. Accordingly, we reverse the district court's dismissal of the copyright claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and remand for consideration of whether the separate accrual rule applies. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) (under the separate-accrual rule for copyright claims, "each infringing act starts a new limitations period"); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020) (three-year statute of limitations runs separately for each violation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**