NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BMW OF NORTH AMERICA, LLC, a
Delaware limited liability company;
BAYERISCHE MOTOREN WERKE AG, a
German corporation,

No. 20-56272

D.C. No. 2:19-cv-09285-DSF-PLA

Plaintiffs-Appellees,

MEMORANDUM[*]

v.

ADAM R. ROCCO, an Individual,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Adam R. Rocco appeals pro se from the district court's summary judgment

in this action alleging trademark infringement.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's ruling on cross-motions for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for plaintiffs because Rocco failed to raise a genuine dispute of material fact as to whether the replica BMW and M products that Rocco sold were not counterfeit items and were not identical to authentic BMW and M products. *See Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) (identical marks used with identical products or services can be case-dispositive of likelihood of confusion); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979) (setting forth eight non-exhaustive factors to determine likelihood of confusion), *abrogated in part on other grounds by Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**