**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN L. MILLER,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>S. ACOSTA; E. HENRY; S. LOPEZ,<br>individual; ABDUL WAHAB OMEIRA,<br>individual,<br><br>   Defendants-Appellees. | No. 20-55879<br><br>D.C. No. 2:15-cv-02285-GW-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner John L. Miller appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of the

First and Fourteenth Amendments arising out of Miller's participation in the

---

 \*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Religious Meat Alternative ("RMA") diet program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly determined that defendant Acosta was entitled to qualified immunity on Miller's free exercise claim because Acosta's conduct in refusing to provide Miller with his RMA meals when Miller did not show him a Religious Diet Card did not violate clearly established law. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (explaining that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.").

The district court properly dismissed Miller's remaining claims because Miller failed to allege facts sufficient to state any plausible claim. *See Hebbe*, 627 F.3d at 341-42 (holding that although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (holding that a free exercise claim in the prison context requires a plausible allegation that a government action substantially burdens plaintiff's practice of his religion and is not reasonably related to legitimate penological interests); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding that a First Amendment

retaliation claim in the prison context requires a plausible allegation that adverse actions were taken because of protected conduct); *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) (holding that an equal protection claim requires plaintiff to allege plausibly that defendants were motivated by discriminatory animus).

The district court did not abuse its discretion by denying Miller's motions to disqualify the magistrate judge and district judge because Miller failed to establish extrajudicial bias or prejudice. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring disqualification). We reject as without merit Miller's contention that the magistrate judge and the district judge conspired to reject improperly Miller's second motion to disqualify the district judge.

Contrary to Miller's contention that the district court should have addressed his Rule 60(b) motion, Miller filed the motion after his notice of appeal, and Miller did not seek a limited remand of the case, so the district court lacked jurisdiction to consider the motion. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (vacating because the district court lacked jurisdiction over a Rule 60(b) motion where the motion was filed after the notice of appeal and the movant did not follow the procedure for seeking a remand of the case).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**