NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER BAYRE CHAMBERLIN, | No. 22-16049 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-08243-JCS |
| v. | |
| HARTOG, BAER & HAND, APC; DAVID WALTER BAER; JOHN A. HARTOG; MARGARET M. HAND, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| v. | |
| COLDWELL BANKER REALTY, | |
| Third-Party Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding[**]

Submitted February 14, 2023[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Christopher Bayre Chamberlin appeals pro se from the district court's partial judgment in his diversity action alleging state law claims. Because the district court certified its interlocutory orders under Federal Rule of Civil Procedure 54(b), we have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted partial summary judgment to Chamberlin on his negligent malpractice claim only as to the award of appellate costs. Chamberlin's $2,831.91 award is undisputed, and Chamberlin failed to otherwise raise a genuine dispute of material fact as to whether defendants' other actions breached a duty or whether the failure to appeal timely caused him other damages. *See Coscia v. McKenna & Cuneo*, 25 P.3d 670, 672 (Cal. 2001) (stating the elements of a civil legal malpractice claim); *Namikas v. Miller*, 171 Cal. Rptr. 3d 23, 29 (Ct. App. 2014) (explaining that causation and damages are closely linked and difficult to prove in legal malpractice cases).

The district court properly granted summary judgment on the issue of punitive damages because Chamberlin failed raise a genuine dispute of material fact as to whether defendants' actions merited such damages. *See Ferguson v. Lieff, Cabraser, Heimann, & Bernstein*, 69 P.3d 965, 974 n.3 (Cal. 2003)

(explaining that punitive damages require that an attorney's conduct constitutes "oppression, fraud, or malice" (quoting Cal. Civ. Code § 3294(a))).

The district court properly dismissed Chamberlin's remaining claims, arising from defendants' failure to disclose an alleged conflict of interest, because Chamberlin failed to allege facts sufficient to show that defendants engaged in conflicted representation. *See* Cal. Rules Pro. Conduct 3-310 (current version at Cal. Rules Pro. Conduct 1.7) (requiring disclosure where a "member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter").

We lack jurisdiction to consider claims other than those certified in the district court's Rule 54(b) order and issues not determinative of entire claims. *See Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 179 n.1 (9th Cir. 1989) (holding that no appellate jurisdiction exists over claims the district court did not include in its Rule 54(b) order); *see also Schudel v. Gen. Elec. Co.*, 120 F.3d 991, 994 (9th Cir. 1997), *abrogated on other grounds by Weisgram v. Marley Co.*, 528 U.S. 440, 453 (2000).

We reject as without merit Chamberlin's contention that the district court was biased or showed favoritism to defendants.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**