NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODY R.O. CARR, | No. 22-36052 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00332-JCC |
| v. | |
| DAVID C. NYE, Judge; B. LYNN WINMILL, Judge; JOSH TEWALT, Director IDOC; MARK KUBINSKI, IDOC Official; AMANDA GENTRY; RACHAEL ALTIG; BARNEY; McKEY; NICODEMUS; CHRISTENSEN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
John C. Coughenour, District Judge, Presiding

Submitted December 12, 2023[**]

Before:      WALLACE, LEE, and BUMATAY, Circuit Judges.

Idaho state prisoner Jody R.O. Carr appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Carr's claims against the district judges as barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity).

The district court properly dismissed Carr's claims against the prison officials because Carr failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (setting forth the elements of a § 1983 conspiracy claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim in the prison context); *see also Johnson v. Avery*, 393 U.S. 483, 490 (1969) ("[T]he State may impose reasonable restrictions and restraints upon the acknowledged propensity of prisoners to abuse both the giving and the seeking of assistance in the preparation of applications for relief . . . .").

The district court did not abuse its discretion by denying leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of

review and explaining that leave to amend may be denied when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

22-36052