NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DANIEL VITOR MORILHA,

Plaintiff - Appellant,

v.

ALPHABET INC., formerly known as Google LLC; UNITED STATES OF AMERICA,

Defendants - Appellees.

---

No. 25-2224

D.C. No. 4:24-cv-02793-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted September 17, 2025[**]

Before: SILVERMAN, OWENS, and BRESS, Circuit Judges.

Daniel Vitor Morilha appeals pro se from the district court's judgment dismissing for lack of standing his action alleging federal and state claims arising from the possible disclosure of his data. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Meland v. WEBER*, 2 F.4th 838, 843 (9th Cir. 2021).  We affirm.

The district court properly dismissed Morilha's action because Morilha failed to allege facts sufficient to establish an injury in fact as required for Article III standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth requirements for constitutional standing, including an "injury in fact," which is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Morilha's motion for leave to add claims that did not arise "out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2) (setting forth the requirements for permissive joinder of parties); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (standard of review).

The district court did not abuse its discretion by dismissing the first amended complaint without leave to amend because further amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

2                                                      25-2224

The district court did not abuse its discretion by denying Morilha's request for discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review for a district court's discovery rulings).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 16) for reconsideration is denied.

**AFFIRMED.**