**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 17 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSHALL CHARLES RICHMOND,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MICHAEL REESE, Multnomah County Sheriff; STEVEN ALEXANDER; KURTISS MORRISON,<br><br>Defendants - Appellees. | No. 24-1811<br><br>D.C. No. 3:21-cv-00866-HZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Oregon state prisoner Marshall Charles Richmond appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal

and state law claims arising during his pretrial detention. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment on Richmond's federal claims because Richmond failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable).

The district court properly granted summary judgment on Richmond's negligence claims because Richmond failed to raise a genuine dispute of material fact as to whether defendants' conduct created a foreseeable and unreasonable risk of legally cognizable harm to Richmond. *See Chapman v. Mayfield*, 361 P.3d 566, 571-72 (Or. 2015) (setting forth elements of negligence under Oregon law).

The district court did not abuse its discretion in denying Richmond's motion for recusal of the district judge because Richmond failed to establish a basis for such relief. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and standards for recusal of judges).

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**