NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH ALTER,

       Plaintiff - Appellant,

  v.

MITCH McCONNELL, Senator,

       Defendant - Appellee.

No. 24-1276

D.C. No. 2:23-cv-05785-ODW-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted January 22, 2026[**]

Before:    WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

    Joseph Alter appeals pro se from the district court's judgment dismissing his

federal claims for declaratory relief. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a sua sponte dismissal under Federal Rule of Civil Procedure

12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Alter's individual-capacity claims against Senator McConnell because the claims are barred by the Speech and Debate Clause. *See Doe v. McMillan*, 412 U.S. 306, 318 (1973) (concluding that legitimate legislative acts "may not serve as the predicate for a suit"); *Gravel v. United States*, 408 U.S. 606, 625 (1972) (noting that legislative acts include "other matters which the Constitution places within the jurisdiction of either House").

To the extent that Alter brought official-capacity claims against Senator McConnell, the district court properly dismissed the claims because they are barred by sovereign immunity. *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (noting that an official-capacity suit against an officer of the United States is barred by sovereign immunity unless it is waived).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**