NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN HORTON II,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>WILLIAM GITTERE; SANDOVAL; TED HANF; STOLKS; CICILIANO,<br><br>        Defendants - Appellees. | No. 24-765<br><br>D.C. No. 3:21-cv-00280-CLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding**

Submitted February 18, 2026***

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Nevada state prisoner Allen Horton II appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Horton failed to raise a genuine dispute of material fact as to whether Hanf was deliberately indifferent in responding to Horton's heart problems. *See id.* at 1057-60 (explaining that a defendant is deliberately indifferent only if the treatment was "medically unacceptable," and that "difference[s] of medical opinion" between a plaintiff and his doctor and between medical professionals are insufficient to show deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

---

[1] Contrary to appellee's contention in the answering brief, the district court did not abuse its discretion by extending the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal if[,] . . . regardless of whether [the moving party's] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.").