**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY,

        Plaintiff-Appellee,

 v.

CHUNGYAN CHAN, an Individual, AKA
James Chan,

        Defendant-Appellant,

 v.

ACADEMIA HISTORICA,

        Defendant-Appellee,

 and

CHIANG FANG CHI-YI, an individual,
AKA Elizabeth Chiang; et al.,

        Defendants.

No.   23-16077

D.C. No. 5:13-cv-04383-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 13, 2026[]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Chungyan Chan appeals pro se from the district court's judgment in this diversity interpleader action filed by Stanford University involving certain diaries, papers, and other documents (collectively, "the Deposits") pertaining to former Presidents of Republic of China (Taiwan) Chiang Kai-shek and Chiang Ching-kuo. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a case is moot, *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003), and dismiss the appeal as moot.

The district court entered an order recognizing and enforcing a Taiwan High Court judgment concerning the Deposits. All parties in this case, except Chan, then conferred and agreed to transfer the Deposits to Taiwan. After Chan repeatedly failed to prosecute or pursue his claims in this case, the district court authorized the parties to proceed with the transfer and entered judgment. Although Chan appealed, he did not request a stay or respond to the court orders or to Stanford University's post-appeal motion seeking clarification about whether it should transfer the Deposits. Again, after Chan failed to object, the district court

---

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

clarified that Stanford University could proceed with the transfer.  On September 11, 2023, Stanford University filed a notice with the district court indicating that it had transferred the entirety of the Deposits to Taiwan.[1]

Because Stanford University no longer has custody or possession of any part of the Deposits, the appeal of this interpleader action is moot.  *See Bock v. Washington*, 33 F.4th 1139, 1144 (9th Cir. 2022) (explaining that generally, "a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome") (internal quotation marks omitted); 28 U.S.C. §1335(a) (setting forth the requirements for an interpleader action, including custody or possession of the property).

We decline to consider issues not specifically raised in district court.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**DISMISSED.**

---

[1]Chan participated in the Taiwan action and is a resident of Hong Kong. Academia Historica is a sovereign public entity headquartered in Taipei, Taiwan, where the Deposits are now located.